UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS IWANKSI and TVPX ARS, INC.,

                        Plaintiffs,

against

MILLIMAN, INC.,

                        Defendant.

MISC. ACTION NO.: 20 MC 224 (GBD) (SLC)

**REPORT AND RECOMMENDATION**

**SARAH L. CAVE**, United States Magistrate Judge.

**TO THE HONORABLE GEORGE B. DANIELS**, United States District Judge:

## I.    INTRODUCTION

Plaintiffs initiated a miscellaneous action in this District by filing a Motion to Compel non-party Milliman, Inc. ("Milliman") to comply with Plaintiffs' duly issued subpoena in connection with two cases pending in the Eastern District of Pennsylvania (the "Motion to Compel").[1] (ECF No. 1). Milliman filed a Cross-Motion to Transfer the Motion to the issuing Court, the Eastern District of Pennsylvania, pursuant to Federal Rule of Civil Procedure 45(f) (the "Motion to Transfer"). (ECF Nos. 41–44)

For the reasons stated below, I respectfully recommend that the Motion to Transfer be granted and the Motion to Compel be transferred to the Eastern District of Pennsylvania.

## II.    DISCUSSION

On June 5, 2020 Plaintiffs filed the Motion to Compel in this District (ECF No. 1), and on June 29, 2020 the Motion to Compel was referred to the undersigned for a Report and

---

[1] The Underlying Litigations are: Iwanski v. First Penn-Pacific Life Ins. Co., No. 18 Civ. 1573 (RBS) (E.D. Pa), and TVPX ARS, INC. v. Lincoln Nat'l Life Ins. Co., No. 18 Civ. 2989 (RBS) (E.D. Pa.).

Recommendation (ECF No. 27). On July 3, 2020, Milliman filed its opposition to the Motion to Compel, and the Motion to Transfer. (ECF Nos. 41–44).

On July 3, 2020, the defendants in the underlying actions, First Penn-Pacific Life Insurance Co. and Lincoln National Life Insurance Company, filed a Letter-Motion seeking a conference to discuss an anticipated Motion to Intervene in this proceeding. (ECF No. 27). By Order dated July 6, 2020, the Court granted the request and scheduled a conference for July 14, 2020 to discuss the Motion to Intervene and the Motion to Transfer. (ECF No. 46).

On July 13, 2020, Plaintiffs informed the Court that they did not oppose the Motion to Transfer and provided a Proposed Order to transfer the Motion to Compel to the Eastern District of Pennsylvania. The Court then cancelled the July 14, 2020 conference. (ECF No. 55). In addition, the Court finds that principles of justice and judicial economy militate in favor of having the District Court overseeing the Underlying Litigations decide the Motion to Compel, which raises issues of relevance, proportionality, and efficiency with which that District Court is already familiar. See SBA Commc'ns Corp. v. Fractus, S.A., No. 19 Misc. 130 (ER), 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019) (transferring motion to compel compliance with subpoena to court of underlying action); F.D.I.C. v. Axis Reinsurance Co., No. 13 Misc. 380 (KPF), 2014 WL 260586, at *3 (S.D.N.Y. Jan. 23, 2014) (same).

### III.   CONCLUSION

Because the Motion to Transfer is unopposed, and because judicial efficiency warrants allowing the District Court overseeing the Underlying Litigations to decide the Motion to Compel, I respectfully recommend that the Motion to Transfer be granted, the Motion to Compel be transferred to the Eastern District of Pennsylvania, and this action be closed.

Dated:      New York, New York
               July 14, 2020

                                                          SARAH L. CAVE
                                                          United States Magistrate Judge

\*                        \*                        \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)).  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Such objections, and any response to objections, shall be filed with the Clerk of the Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Daniels.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).