**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THOMAS IWANSKI and TVPX ARS, INC., *on behalf of themselves and all others similarly situated*,

                 Plaintiffs,

-against-

MILLIMAN, INC.,

                 Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION AND ORDER

20 Misc. 224 (GBD) (SLC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 1 3 2020

GEORGE B. DANIELS, United States District Judge:

Plaintiffs bring this action to compel Defendant Milliman, Inc., a non-party in two cases currently pending in the Eastern District of Pennsylvania (the "EDPA"), to comply with Plaintiffs' duly issued subpoena. (Notice of Mot. to Compel, ECF No. 1.) Defendant opposes Plaintiffs' motion and cross-moves to transfer the motion to EDPA, the issuing court, pursuant to Federal Rule of Civil Procedure 45(f). (Notice of Cross-Mot., ECF No. 43.) Plaintiffs do not oppose Defendant's motion to transfer. (Scheduling Order, ECF No. 55.)

Before this Court is Magistrate Judge Sarah L. Cave's July 14, 2020 Report and Recommendation (the "Report"), recommending that Defendant's motion to transfer be granted and that Plaintiffs' motion to compel be transferred to the EDPA. (Report, ECF No. 57, at 2.) Magistrate Judge Cave advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 3.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*,

414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Magistrate Judge Cave properly recommended that Defendant's motion to transfer be granted. First, Plaintiffs do not oppose Defendant's motion to transfer, submitting to this Court a proposed order granting the motion to transfer. (*See* Proposed Order, ECF No. 52, at 1.) Second, as Magistrate Judge Cave correctly found, justice and judicial economy weigh in favor of allowing the court overseeing the underlying litigation—that is the EDPA—to decide the motion to compel that "raises issues of relevance, proportionality, and efficiency with which that District Court is already familiar." (Report at 2.) *See also Stanziale v. Pepper Hamilton LLP*, No. M8-85 (CSH), 2007 WL 473703, at *5 (S.D.N.Y. Feb. 9, 2007) (transferring a motion to compel to the issuing court as "[a] judge who is fully familiar with the underlying litigation is in a better position to resolve [privilege] issues than a judge in a different district with no knowledge of the case").

Therefore, Magistrate Judge Cave's Report is ADOPTED. Defendant's motion to transfer, (ECF No. 43), is GRANTED, and Plaintiffs' motion to compel, (ECF No. 1), is transferred to the Eastern District of Pennsylvania. The Clerk of Court is directed to close the motions accordingly.

Dated: New York, New York
      August 13, 2020

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge